UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHETON S. MORGAN, #746570,

    Plaintiff,

v.                                    CASE NO. 18-CV-13939
                                        HONORABLE SEAN F. COX

TONY TRIERWEILER, et al.,

    Defendants.
_____/

## ORDER OF TRANSFER

      This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Plaintiff Asheton S. Morgan is a state prisoner confined at the Alger Correctional Facility in Munising, Michigan and the events giving rise to this action occurred at that facility and while he was confined at the Bellamy Creek Correctional Facility in Ionia, Michigan. In his complaint, Plaintiff raises claims concerning his religious freedoms, his religious diet and services, his medical care, his legal rights, and retaliation. He names Bellamy Creek Warden Tony Trierweiler, Deputy Warden John Davids, and Counselor Jared Buchin as defendants, Alger Warden Catherine Bauman, Resident Unit Manager Joseph Naeyart, Deputy Warden Anthony Immel, and Chaplain Lindholm as defendants, and Michigan Department of Corrections Assistant Deputy Director Lloyd Rapelje, Deputy Director Kenneth McGee, Director Heidi Washington, and Assistant Deputy Director Michael Curly as defendants. He sues the defendants in their individual and official capacities and seeks injunctive relief and monetary damages.

Having reviewed the complaint, the Court concludes that venue is improper in this Court and that the case should be transferred to the United States District Court for the Western District of Michigan.

Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

> Venue in general. A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. *See* 28 U.S.C. § 1406(a). Additionally, even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). A court may sua sponte transfer a case for improper venue. *Carver*

*v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989); *see also Cosmichrome, Inc. v.M Spectra Chrome, Inc. LLC*, 504 F. App'x 468, 472 (6th Cir. 2012); *Flynn v. Greg Anthony Construct. Co., Inc.*, 95 F. App'x 726, 738 (6th Cir. 2003).

Plaintiff and the four of the defendants reside in Munising, Michigan, three of the defendants reside in Ionia, Michigan, and four of the defendants reside in Lansing, Michigan, and the actions giving rise to the complaint occurred in those locations. Munising, Michigan lies in Alger County, which is located in the Northern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). Ionia, Michigan lies in Ionia County and Lansing, Michigan lies in Ingham County, which are both located in the Southern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Venue is therefore proper in the United States District Court for the Western District of Michigan, not this Court.

Accordingly, pursuant to 28 U.S.C. § 1406(a) and in the interests of justice, the Court orders the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. The Court makes no determination as to the merits of the complaint or any filing requirements.

                            s/R.Steven Whalen
                            R. STEVEN WHALEN
                            UNITED STATES MAGISTRATE JUDGE

Dated: January 2, 2019